# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Smarter Agent, LLC<br><br>         Plaintiff<br><br>    -against-<br><br>HomeAway, Inc.;<br>HomeAway.com, Inc.;<br>HomeAway Software, Inc.; and<br>Glad to Have You, Inc.<br>         Defendants | Civil Action No.: 6:19-cv-00185<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Smarter Agent, LLC ("Smarter Agent"), by its undersigned attorneys, alleges, with knowledge with respect to its own acts and on information and belief as to other matters, as follows:

## NATURE OF THIS ACTION

1. Smarter Agent brings this action to compel defendants HomeAway, Inc.; HomeAway.com, Inc.; HomeAway Software, Inc.; and Glad to Have You, Inc. (collectively, "HomeAway" or "Defendants") to cease infringing Smarter Agent's patent and to compensate Smarter Agent for patent infringement.

2. Smarter Agent invented systems and methods generally related to location-aware search engines, providing content to those location-aware search engines, and making databases supporting location-aware search engines more efficient. Smarter Agent has offered for sale software applications embodying or related to those inventions.

1

3. Smarter Agent provides products and services to real estate brokers and brokerages, including mobile apps and Smarter Agent's "Tech Connect" program. Smarter Agent's products and services have won multiple industry awards. *See, e.g.*, Smarter Agent, *About Us Website*, at https://www.smarteragent.com/about-us/ (last accessed Feb. 14, 2019). These software products are compatible with both the iOS and Android mobile platforms for wireless devices, such as smartphones and tablets.

4. In 2018, the Keller Williams brokerage firm purchased Smarter Agent Mobile, LLC, a spin-off of Smarter Agent, which now operates as a turnkey software-as-a-service provider.

5. Smarter Agent created through its own extensive expenditure of time, labor, effort, skill, and money various products and services built on the technology described in the patent at issue.

## PARTIES

6. Smarter Agent is a private company that has its principal place of business at 756 Haddon Avenue, Suite 300, Collingswood, NJ 08108.

7. HomeAway, Inc. is a Delaware corporation having its principal place of business at 1011 West 5th Street, Suite 300, Austin, TX, 78703.

8. HomeAway, Inc. may be served at their Registered Agent, Corporation Service Co., at 211 East 7th Street, Suite 620, Austin, TX 78701.

9. HomeAway.com, Inc. is a Delaware corporation having its principal place of business at 1011 West 5th Street, Austin, TX, 78703.

10. HomeAway.com, Inc. may be served at their Registered Agent, National Registered Agents, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

11. HomeAway Software, Inc. is a Delaware corporation having its principal place of business at 1011 West 5th Street, Suite 300, Austin, TX, 78703.

12. HomeAway Software, Inc. may be served at their Registered Agent, National Registered Agents, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

13. Glad to Have You, Inc. is a Delaware corporation having its principal place of business at 1011 West 5th Street, Suite 300, Austin, TX, 78703.

14. Glad to Have You, Inc. may be served at their Registered Agent, Corporation Service Co., at 211 East 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 et seq.

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over HomeAway, Inc. because HomeAway, Inc. maintains its principal place of business in this District.

18. This Court has personal jurisdiction over HomeAway.com, Inc. because HomeAway.com, Inc. maintains its principal place of business in this District.

19. This Court has personal jurisdiction over HomeAway Software, Inc. because HomeAway Software, Inc. maintains its principal place of business in this District.

20. This Court has personal jurisdiction over Glad to Have You, Inc. because Glad to Have You, Inc. maintains its principal place of business in this District.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), at least because Defendants have a regular and established place of business in this district, and have committed acts of patent infringement in this District. Defendants' acts of infringement in this District include but are not limited to sales and use of the Hospitality by GladToHaveYou app.

## THE PATENT

22.     On October 14, 2005, Brad and Eric Blumberg filed United States Patent Application No. 11/249,733 ("the '733 Application"). The '733 application was duly examined and issued as United States Patent No. 7,599,795 ("the '795 Patent"), entitled Mobile Location Aware Search Engine and Method of Providing Content for Same on October 6, 2009.

23.     Messrs. Blumberg assigned the '795 Patent to Smarter Agent, Inc. USPTO Reel/Frame No. 020018/0796. Smarter Agent, Inc. assigned the '795 Patent to Smarter Agent, LLC. USPTO Reel/Frame No. 020024/0532.

24.     Smarter Agent is the owner of the '795 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '795 Patent.

25.     The '795 Patent is valid and enforceable. A copy of the '795 Patent is attached hereto as Exhibit A.

26.     Smarter Agent has identified on their website that their software products are covered by the '795 Patent since at least October 2015.

27.     The '795 Patent claims specific technologic improvements directed to devices used for providing information based on geographic position. *E.g.*, '795 Patent, Ex. A at 3:59–61 ("A system includes a location aware search engine that identifies a user's geographic location and then delivers information associated with a landmark at that location to the user.").

28.     Among the specific technologic improvements directed to devices used for providing information based on geographic position, the '795 Patent claims systems and methods that make information storage and retrieval more streamlined and efficient. *E.g.*, '795 Patent, Ex. A at 4:11–17 ("A mobile or wireless device can be used to access a database to search for information, promotions, and events at landmarks relative to where the user is physically located.

4

The system requires *limited typing* as the system uses location-detecting technology, such as through an operative communication with a GPS satellite, to identify where the user is standing.") (emphasis added).

29. Among the specific technologic improvements to location-based search engines, the '795 Patent claims a method that makes location-based search queries more efficient and, therefore, faster. *E.g.*, '795 Patent, Ex. A at 10:1–23 (Claim 22) ("wherein the data input by a user is *automatically associated* with the geographic position *substantially simultaneously with the data being input by the user*.") (emphasis added).

30. The patented method makes location-based search queries more efficient by automatically associating user-input data with a user's geographic position in real-time or near real-time with the user input. *E.g.*, '795 Patent, Ex. A at 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database in real-time and made available to other users of the database 26 as described above.").

31. Associating user-input data with a user's geographic position in real-time or near real-time with the user input enables a location-based search query to combine user-input data and geographic location into a single associative database query.

32. Among the specific technologic improvements to location-based search databases, the '795 Patent claims a system that stores and retrieves results to location-based search queries more efficiently and, therefore, faster. *E.g.*, '795 Patent, Ex. A at 9:1–19 (Claim 17) ("the information database configured to *automatically associate* the data with geographic position

***substantially simultaneously with the transmitted data being uploaded*** to the database.") (emphasis added).

33.    The patented system makes location-based search databases more efficient by automatically associating user-input data with the geographic position at substantially the same time the user data is uploaded to the database. By associating user-input data with geographic position data, the search query submitted to the database combines user-input data and geographic position data as a single query, allowing the database to be efficiently indexed according to an association of data types and geographic position.

34.    The claimed elements and claimed combinations were not well-understood, routine, and conventional to a skilled artisan in the relevant field. *E.g.*, '795 Patent, Ex. A at 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database in real-time and made available to other users of the database 26 as described above.").

35.    The '795 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations. For example, the "traditional methods of obtaining such information include using printed materials such as guide books, maps, etc., communicating with people knowledgeable about the particular location, and researching the particular location either before or after being physically present at the location." '795 Patent, Ex. A at 1:65–2:3; *see also id.* at 2:4–8 ("Such methods of obtaining information may significantly detract from the person's ability to appreciate or experience the location at which they are present. Put more simply, the person may not be able to gather or access enough

6

information about the location because it is not readily available."), 2:9–14 ("Additionally, the person may not be able to access information about the location that is based on time. For example, if a person is visiting a famous landmark at a time when there are no tour guides available and the local gift shop is closed, the person may not be able to obtain valuable information about the landmark.").

36. The '795 Patent describes systems that *improve* location-aware search. *E.g.*, '795 Patent, Ex. A at 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database *in real-time* and made available to other users of the database 26 as described above.") (emphasis added).

37. The limitations of the claims of the '795 Patent do not preempt all processes for providing information based on geographic position. For example, the '795 Patent has been cited over 80 times in other patents owned by companies seeking protection for location-aware search, including Apple and Bank of America.

38. The claims of the '795 Patent are not directed to a method of organizing human activity, nor are they directed to a fundamental economic practice long prevalent in our system of commerce. *E.g.*, '795 Patent, Ex. A at 7:7–18 ("At step 50 a geographic position of a wireless device 20 operated by a user 34 is identified. As described above, this identification can include communication with a GPS satellite to identify longitude and latitude coordinates for the geographic position of the device 20. The geographic position can then be transmitted to a database 26 at step 52. At step 54, data associated with one or more landmarks at the geographic position is received at the device 20 from the database 26. The data can be automatically transmitted from the database 26 to the device 20 based on the geographic position of the device

20."); 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database *in real-time* and made available to other users of the database 26 as described above.") (emphasis added).

39.     The systems and methods of the '795 Patent overcome technical problems—limitations on location-aware search and how to provide content for a location-aware search, as well as improving the efficiency of a database through better indexing. *E.g.*, '795 Patent, Ex. A at 4:11–17 ("A mobile or wireless device can be used to access a database to search for information, promotions, and events at landmarks relative to where the user is physically located. The system requires *limited typing* as the system uses location-detecting technology, such as through an operative communication with a GPS satellite, to identify where the user is standing.") (emphasis added).

40.     The '795 Patent does not take a well-known or established business method or process and merely apply it using a general-purpose computer. *E.g.*, '795 Patent, Ex. A at 7:7–18 ("At step 50 a geographic position of a wireless device 20 operated by a user 34 is identified. As described above, this identification can include communication with a GPS satellite to identify longitude and latitude coordinates for the geographic position of the device 20. The geographic position can then be transmitted to a database 26 at step 52. At step 54, data associated with one or more landmarks at the geographic position is received at the device 20 from the database 26. The data can be automatically transmitted from the database 26 to the device 20 based on the geographic position of the device 20."); 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into

the database *in real-time* and made available to other users of the database 26 as described above.") (emphasis added).

41. As described below, Defendants have been and are still infringing, willfully infringing, and/or inducing others to infringe the '795 Patent by making, using, offering for sale, selling, or importing the Hospitality by Glad to Have You app ("the app"), and by advertising, promoting, instructing, and facilitating the use of infringing devices and/or systems, for example a smartphone having installed thereon the app (the "Accused System"). Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT I: INFRINGEMENT OF THE '795 PATENT

42. Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

43. The '795 Patent includes 22 claims.

44. Defendants directly infringe one or more claims of the '795 Patent without authority by using, including without limitation testing, products and systems including the Accused System. *See* Claim Chart for '795 Patent, attached hereto as Exhibit B.

45. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claims 17 and 22 of the '795 Patent by using the Accused System.

46. Defendants have had actual knowledge of the '795 Patent at least as early as the date of service of this Complaint.

47. At least as early as Defendants' knowledge via service of this Complaint, Defendants indirectly infringed the '795 Patent within the United States by inducement under 35 U.S.C. § 271(b). In the event Defendants cease to use the Accused System at least as of the date of Defendants' knowledge, Defendants have knowingly and intentionally induced users of the

Accused System to directly infringe one or more claims of the '795 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused System. One example is Defendants' App Store listing for the Hospitality by GladToHaveYou app, which details how to use the Accused System. *See* Exhibit C, saved February 11, 2019 from https://itunes.apple.com/us/app/hospitality-by-gladtohaveyou/id1281580838?mt=8.

48.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

**PRAYER FOR RELIEF**

WHEREFORE, Smarter Agent respectfully requests that the Court enter judgment as follows:

A.      Declaring that Defendants have infringed the '795 Patent;

B.      Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendants' infringement including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C.      Ordering an award of reasonable attorneys' fees against Defendants to Smarter Agent as provided by 35 U.S.C. § 285;

D.      Ordering a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Defendants from infringing the '795 Patent;

E. Awarding expenses, costs, and disbursements in this action against Defendants, including prejudgment interest; and

F. Awarding such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: March 4, 2019                                                      Respectfully submitted,

     /s/ Scott Crocker
Steven Sprinkle
Texas State Bar No. 00794962
Scott Crocker
Texas State Bar No. 00790532
SPRINKLE IP LAW GROUP, P.C.
1301 W. 25th Street, Suite 408
Austin, Texas 78705
(512) 637-9220
(512) 371-9088 – facsimile
E-mail: ssprinkle@sprinklelaw.com
E-mail: scrocker@sprinklelaw.com

Jeffrey G. Toler, *Lead Counsel*
Texas State Bar No. 24011201
Benjamin R. Johnson (*pro hac vice* admission pending)
Texas State Bar No. 24065495
TOLER LAW GROUP, PC
8500 Bluffstone Cove
Suite A201
Austin, Texas 78759
(512) 327-5515
E-mail: jtoler@tlgiplaw.com
E-mail: bjohnson@tlgiplaw.com

*Attorneys for Plaintiff Smarter Agent, LLC.*